# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
## JUNE SESSION, 1999

FILED

July 2, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03C01-9810-CC-00375 |
| Appellee | ) | |
| | ) | JEFFERSON COUNTY |
| vs. | ) | |
| | ) | Hon. Richard R. Vance, Judge |
| WILLIAM MOORE, | ) | |
| | ) | (Aggravated Assault) |
| Appellant | ) | |

For the Appellant:

**Lu Ann Ballew**
Asst. Public Defender
P. O. Box 416
Dandridge, TN 37725

**Edward C. Miller**
Public Defender

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Alfred C. Schmutzer, Jr.**
District Attorney General

**James L. Gass** and
**Charles Murphy**
Asst. District Attorneys General
Sevier County Courthouse
Suite 301
Sevierville, TN 37862

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, William Moore, appeals the sentencing decision of the Jefferson County Criminal Court following his June 1998 guilty plea to one count of aggravated assault, a class C felony. Specifically, the appellant contends that the trial court erred by ordering him to serve his three year sentence in the Tennessee Department of Correction.

After a review of the record, we affirm the judgment of the trial court.

## Background

During the afternoon hours of April 19, 1994, the appellant, the owner of Bill's Auto Sales in Knoxville was joined by several friends and "had a little party" at the office of his used car lot. The appellant became very intoxicated and, a friend, Larry Brewer, drove him to his residence in Strawberry Plains which he shared with his girlfriend, Brenda Collins.

At approximately 7:00 p.m., Robert Taylor, Ms. Collins' insurance agent, traveled to the Moore-Collins' residence for the purpose of collecting a premium on an insurance policy. At the time of his arrival, Larry Brewer and Billy Anderson, friends of the appellant, were also at the appellant's residence. Billy Anderson approached Mr. Taylor's vehicle. After Mr. Taylor had identified himself as Ms. Collins' insurance agent, Billy Anderson informed him of the appellant's intoxicated condition, the appellant's recent argument with Ms. Collins, and that Ms. Collins was not at home at the time. Mr. Taylor responded that he would "be back later." As Mr. Taylor was turning his vehicle around in the driveway, he noticed the appellant "shaking a chrome plated pistol in the air." "[J]ust as [he] turned out of the driveway," the appellant fired the pistol and "the round came through the windshield.

2

. . [and] hit the seat," missing Mr. Taylor by inches. Mr. Taylor drove to a nearby residence where he notified local law enforcement officers.

On September 20, 1994, the Jefferson County Grand Jury returned an indictment charging the appellant with one count of aggravated assault by use of a firearm. On June 24, 1998, the appellant entered a guilty plea to this charge.[1] Pursuant to the negotiated plea agreement, the appellant received a three year sentence as a range I offender. The manner of service of the sentence was submitted to the trial court for determination.

A sentencing hearing was held on September 17, 1998. The State introduced two presentence reports into evidence, one prepared in October 1994 and the second submitted September 1998. Both reports indicate that the appellant was forty-eight years old at the time of the offense, fifty-two years old at the time of sentencing. His marital status varied during the time between the date of the offense and the sentencing hearing. At the time of the offense, the appellant was divorced from his first wife and living with Brenda Collins. When the second presentence report was prepared, he was in the process of divorcing his second wife, Tina Newcom, and was living with his girlfriend, Debra Hill. By the time of the sentencing hearing, the appellant was married again.

Although the appellant had been the proprietor of Bill's Auto Sales in Knoxville since 1972; in 1994, he was forced to relinquish his interest in the business due to medical problems. At the time of the sentencing hearing, the appellant was receiving food stamps and was in the process of applying for disability. The appellant's medical history reveals that the appellant suffers from "severe carotid artery disease . . ., seizure disorder, alcoholism, depression and

---

[1]The record indicates that the four year delay between indictment and entry of guilty plea was the result of the appellant's medical conditions and his failure to appear for court on June 24, 1996, and "on a number of [other] occasions . . . ." In fact, "there was a period for about a year that there was a capias outstanding for [him]." The capias was served on January 8, 1998.

3

anxiety order, hypertension, hyperlipidemia, tobacco addiction . . . and degenerative disc disease...." Despite his numerous medical conditions, "[the appellant's] ability to see, speak, [and] walk is not impaired." The record also indicates that there is no dispute as to his abuse of alcohol. The appellant denies any prior opportunities for rehabilitative treatment of his addiction. Notwithstanding, the record does indicate that the appellant failed to appear at two scheduled counseling sessions with Dr. William Conklin.[2] Moreover, the appellant's medical records of February 25, 1996, reveal his physicians' recommendations for alcohol rehabilitation.

Additionally, the appellant has a prior criminal history reflecting his longstanding abuse of alcohol and his proclivity to go armed. Specifically, the appellant's criminal record consists of six convictions for public intoxication, three convictions for unlawful possession of a weapon, one conviction of disorderly conduct, and one conviction for malicious mischief.[3] Indeed, his most recent arrests and resulting convictions for public intoxication and unlawful possession of a weapon occurred while on bail for the present charge. The record also indicates that the appellant has previously been granted a suspended sentence. Both presentence reports concluded that the appellant was "a high risk candidate for probation" and "would be considered a maximum risk to successfully complete probation."

In support of his request for probation, the appellant testified on his own behalf. He described to the court his account of the extenuating circumstances that led to the instant conviction for aggravated assault. He explained that, seven or eight months prior to the incident involving Mr. Taylor, he was responsible for a judgment of $15,000 being entered against his former business partner. Consequently, he testified, his life was threatened by his former partner. Because

---

[2]The nature of these counseling sessions is not discernible as they are merely labeled "counseling sessions."

[3]The appellant was originally charged with shooting into a vehicle.

of his fear of retaliation by his former partner, he felt threatened by Mr. Taylor's unexpected presence on his property and fired a warning shot to frighten Mr. Taylor from the premises.[4]  The appellant maintained that he had not intended to hit Mr. Taylor's vehicle; rather the impact was the result of the appellant's intoxicated state and the hair trigger on the pistol.

The appellant admitted that he had not suffered any symptoms of alcohol withdrawal since being incarcerated in the county jail.  He also denied any previous placement on probation.  Moreover, he explained his failure to appear for court on numerous occasions in the instant matter as a result of his medical condition and the death of his mother.  Finally, in response to a pending charge of failure to appear on another matter, the appellant denied the allegation, averring that he was in court.

In a reasoned recitation of its findings, the trial court denied any form of alternative sentencing and ordered that the appellant report to confinement on October 5, 1998.  Specifically,  the trial court found that the nature and circumstances of the offense, the appellant's contradictory testimony at the sentencing hearing, the appellant's history of alcohol-related prior convictions, the appellant's recent convictions committed while on bail for the pending charge, and the appellant's poor potential for rehabilitation supported the denial of a sentence other than one of total confinement.

In this appeal, the appellant challenges the trial court's finding arguing that an alternative sentence cannot be denied because "he has never had any treatment or rehabilitation to address his [alcohol] problem," he exhibited remorse over the

---

[4]All parties agree that, at the time of the incident, the appellant and Mr. Taylor had never previously met.

incident, and he was fearful of retaliation by his former business partner. We find no merit to the appellant's contentions.

When a challenge is made to the manner of service of a sentence, this court conducts a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1997). This presumption only applies if the record demonstrates that the trial court properly considered relevant sentencing principles. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991), In the present case, the trial court properly considered such principles and the presumption of correctness applies. Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper. See Tenn. Code Ann. § 40-35-210 (b)(3)(1997).

The appellant has failed to carry his burden. First, the appellant's assertion that the absence of any previously imposed substance abuse treatment program by the State prohibits a finding that past efforts at rehabilitation have failed is misplaced. The appellant has a twenty year history of criminal behavior resulting from his abuse of alcohol and his propensity to carry a weapon while intoxicated. See Tenn. Code Ann. § 40-35-103(1)(A) (1997). Despite his numerous convictions and prior recommendations to obtain such treatment, the appellant has ignored such warnings and continues his destructive conduct. Next, the circumstances of the offense are particularly serious in that the appellant, without provocation, had no hesitation in firing a weapon at an unarmed and innocent person. Additionally, Mr. Taylor testified that, at the time of the incident, children were playing in the yard next door to the appellant's residence and could have been injured. See Tenn. Code Ann. § 40-35-103(1)(B). Finally, the appellant committed similar offenses and failed to appear for numerous court dates while on bail pending resolution of the present charge. This, in and of itself, reflects greatly upon the appellant's lack of

6

rehabilitative potential and upon the obvious risks of placing the appellant on any form of release.

The record supports the findings of the trial court. We conclude that a sentence of total confinement is appropriate and justified under the Sentencing Act. The judgment of the trial court denying the appellant a non-incarcerative sentence is affirmed.

_____

DAVID G. HAYES, Judge

CONCUR:

_____

JOHN H. PEAY, Judge

_____

JOHN EVERETT WILLIAMS, Judge